UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSEM FOOD INDUSTRIES LTD., and OSEM INVESTMENTS LTD.,

                          Plaintiffs,

-against-

ZETOV, INC.,

                          Defendant.

**Civil Case No.** _____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs OSEM FOOD INDUSTRIES LTD., OSEM INVESTMENTS LTD. and OSEM USA, INC. ("OSEM" or the ("Plaintiffs"), by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., alleges as and for its Complaint against Defendant ZETOV, INC. ("Zetov" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin under (15 U.S.C. 1051, *et seq.*), trademark infringement under common law, and unfair competition under common law.

## THE PARTIES

2. Plaintiff OSEM FOOD INDUSTRIES LTD. is a corporation and wholly owned subsidiary of Osem Investments Ltd., with its principal place of business 2 Rimon Street, PO Box 934, Shoham, 60850, Israel.

3. Plaintiff OSEM INVESTMENTS LTD. is a foreign corporation with its principal place of business at 2 Rimon Street, PO Box 934, Shoham, 60850, Israel.

4. On information and belief, defendant ZETOV, INC. is a New York corporation with its principal place of business at 4718 18th Avenue, Brooklyn, New York.

{00964011.DOC;1 }

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over the Defendant because it has transacted business in the Southern District of New York, purposely availing itself of this State by directly targeting New York residents through retail sales within the State of New York.

7.      Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to this claim for trademark infringement, false designation of origin and unfair competition occurred in this district.

## FACTS

8.      Osem possesses the exclusive right and the use of the mark "Bamba" on products sold in the United States pursuant to Registration No. 2,346,502 (filed May 2, 2000) (owned by Osem Investments Ltd.) and Registration No. 2,039,662 (filed February 25, 2007) (owned by Osem Food Industries Ltd.) (collectively the "BAMBA mark"). A true and correct copy of said registrations are attached hereto as **Exhibit 1**.

9.      Osem has used the BAMBA mark in interstate commerce in conjunction with the sales of a popular peanut snack since at least as early as 1983.

10.     OSEM FOOD INDUSTRIES LTD. properly obtained a right of priority for the exclusive use of the BAMBA mark on February 25, 1997, the filing date for the registered mark. As such, OSEM FOOD INDUSTRIES LTD. has established priority of use. The BAMBA mark is inherently distinctive and recognized by the relevant consuming public as Plaintiffs' mark.

11.     Defendant previously distributed products bearing the BAMBA mark pursuant to a distribution agreement (the "Distribution Agreement"). The Distribution Agreement was terminated on or about May 25, 2015.

12.     Recently, Plaintiffs became aware of Defendant's unlawful sale of a nearly identical snack food product bearing the confusingly similar "BABA" mark.

13.     On July 16, 2018, Plaintiffs purchased three packages of the Defendant's snack food which appears to be a nearly identical product bearing the confusingly similar "BABA" mark in stores located in upstate New York. Receipts for these purchases as examples of Defendant's infringement of the BAMBA mark are attached hereto as **Exhibit 2**.

14.     On or about July 18, 2018, the Plaintiffs through their counsel sent the Defendant a cease and desist letter demanding that it discontinue the sale of its nearly identical snack product bearing the confusingly similar mark "BABA, asserting that such use, *inter alia*, constituted trademark infringement of the BAMBA mark (the "C&D Letter").

15.     Plaintiffs have received no response to the C&D Letter and, upon information and belief, Defendant continues to unlawfully sell their nearly identical snack food product bearing the confusingly similar "BABA" mark.

16.     On information and belief, Defendant's unlawful use of their BABA mark is likely to cause and has caused confusion or mistake amongst consumers, and is likely to and has deceived consumers and caused confusion as to the origin of their respective products.

17.     On information and belief, Defendant has adopted the designation "BABA" in a willful attempt to piggyback off of Plaintiffs' goodwill and reputation in the snack food business, and to divert business away from Plaintiffs and to Defendant.

18. Plaintiffs invest substantial sums in producing their goods and in marketing its BAMBA mark. Plaintiffs have established substantial goodwill and brand recognition with the consuming public of its BAMBA mark in connection with its snack food product.

19. Plaintiffs have been irreparably harmed and have suffered economic loss as well as the loss of good will from Defendant's unlawful and willful acts. Because monetary damages alone will not constitute a sufficient remedy, Plaintiffs require equitable relief in the form of a permanent injunction restraining Defendant's continued unlawful activity in selling its nearly identical snack food product bearing the confusingly similar "BABA" mark.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Trademark Infringement - 15 U.S.C. § 1114)

20. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 19 of the Complaint as though fully set forth herein.

21. Defendant's use of the mark "BABA" in connection with the sale of its nearly identical snack food product in interstate commerce has caused and is likely to have caused confusion amongst consumers as to the quality and source of Plaintiffs' goods.

22. On information and belief, Defendant willfully and intentionally adopted and used mark(s) confusingly similar to Plaintiffs' BAMBA mark to steal Plaintiffs' goodwill.

23. By reason of the foregoing unlawful acts recited in the aforementioned paragraphs, Plaintiffs have been irreparably harmed and will continue to suffer damage until they are awarded an appropriate injunction and damage award, including treble damages and attorneys' fees, in an amount to be determined at trial.

## Second Claim for Relief
### (False Designation of Origin - 15 U.S.C. § 1125(a))

24. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 23 of the Complaint as though fully set forth herein.

25. Defendant's use of Plaintiffs' designation has caused and is likely to have caused confusion amongst consumers as to the quality and source of Plaintiff's goods.

26. By reason of the foregoing and upon information and belief, Defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisement, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiffs with Defendant and as to the origin, sponsorship, or approval of Defendant's goods.

27. By reason of the foregoing unlawful acts recited in the aforesaid paragraphs, Plaintiffs have been irreparably harmed and will continue to suffer damage until they are awarded an appropriate injunction and damage award, including treble damages and attorneys' fees, in an amount to be determined at trial.

## Third Claim for Relief
### (Common Law Trademark Infringement)

28. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 27 of the Complaint as though fully set forth herein.

29. Plaintiffs' BAMBA mark, when used in connection with a peanut snack food product is inherently distinctive and protectable as a trademark.

30. Defendant's acts as set forth herein constitute trademark infringement as defined by New York common law, all to the damage of Plaintiffs as previously alleged.

31. By reason of the foregoing unlawful acts recited in the aforesaid paragraphs, Plaintiffs have been irreparably harmed and will continue to suffer damage until they are awarded an appropriate injunction and damage award, including treble damages and attorneys' fees, in an amount to be determined at trial.

### Fourth Claim for Relief
### (Common Law Unfair Competition)

32. Plaintiffs repeat and incorporate by reference the statements and allegations in paragraphs 1 to 31 of the Complaint as though fully set forth herein.

33. Defendant's acts, as set forth above, constitute unfair competition under New York common law, all to the damage of Plaintiffs as previously alleged.

34. The Defendant acting in bad faith, has misappropriated the labor, expenditures and good will of the Plaintiffs in order to obtain an unfair commercial advantage and have caused or are likely to cause confusion among consumers as to the source of Defendant's goods.

35. Defendant's aforesaid violations of New York State common law have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

36. Defendant engaged in this activity willfully and wantonly with morally, oppressive and maliciously culpable behavior, so as to justify the assessment of punitive damages against it, in an amount to be determined at trial.

37. Defendant's aforesaid violations of New York State common law, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff asks that this Court grant judgment against Defendant for the following:

A.  Defendant, its agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be permanently enjoined from:

    i.  infringing upon Plaintiffs' BAMBA mark;

    ii.  using any designation confusingly similar to Plaintiffs' BAMBA mark;

    iii.  competing unfairly with Plaintiffs in any manner, including infringing any of Plaintiffs' trademark rights; and

    iv.  conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (iii) above.

B.  Plaintiffs recover all damages it has sustained as a result of Defendant's infringement, false designation of origin and unfair competition.

C.  Plaintiffs be awarded Defendant's profits, corrective advertising damages and enhanced damages.

D.  An accounting be directed to determine Defendant's profits resulting from its infringement and unfair competition and that the profits be paid over to Plaintiffs, increased as the Court determines is appropriate to the circumstances of this case.

E.  Plaintiffs be awarded their reasonable attorneys' fees for prosecuting this action.

F.  Plaintiffs recover their costs of this action and pre-judgment and post-judgment interest, to the full extent allowed by law.

G.  Plaintiffs be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

H.     Plaintiffs be awarded punitive damages pursuant to New York common law.

I.     Plaintiffs receive all other just and equitable relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by the jury on their claims herein and all issues and claims so triable in this action.

DATED:     New York, New York
                October 24, 2018

                                      ROBINSON BROG LEINWAND GREENE
                                      GENOVESE & GLUCK P.C.

                                      By: _____
                                          Sheldon Eisenberger, Esq.
                                      875 3rd Avenue, 9th Floor
                                      New York, New York 10022-0123
                                      Tel: (212) 603-6300

                                      Attorneys for Plaintiffs